IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MONTRELL OLIVER,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| v. | : | No. 16-cv-5537 |
| **SUPERINTENDENT BARRY SMITH, ET AL.,** | : | |
| *Respondents.* | : | |

**ORDER**

**AND NOW**, this 19th day of May, 2022, upon consideration of Petitioner Montrell Oliver's "Petition for Writ of Habeas Corpus" (ECF No. 45), Respondent the District Attorney of Philadelphia County's "Response to Amended Petition for Writ of Habeas Corpus" (ECF No. 50), Petitioner's "Memorandum in Reply to Respondent's Response" (ECF No. 61), the Report and Recommendation of the United States Magistrate Elizabeth T. Hey (ECF No. 77), and Petitioner's "Objection to Report and Recommendations" (ECF No. 79), I find the following:

1. On February 17, 1998, Petitioner was convicted in the Philadelphia Court of Common Pleas of first-degree murder, three counts of robbery, two counts of aggravated assault, and one count each of conspiracy and possessing an instrument of crime. The conviction stemmed from a drug-related incident in which Petitioner and two co-defendants robbed three men at gunpoint and shot into their car as they drove away, killing one of the passengers. Petitioner filed his counseled petition for writ of habeas corpus on March 18, 2019, and I referred the case to the Honorable Elizbeth T. Hey for a Report and Recommendation.

1

2. Petitioner raises a total of nine claims for relief. One of his claims concerns his trial counsel's ineffectiveness for failing to call alibi witnesses. As to that claim, Respondents waived procedural default and agreed that an evidentiary hearing was necessary. However, after the evidentiary hearing was scheduled, but before it took place, Respondents conceded that Petitioner was entitled to relief on the alibi claim, and the parties submitted joint stipulations with an agreed upon statement of facts supporting their joint position that Petitioner was entitled to relief without the need for a hearing. (ECF Nos. 73, 75).

3. More specifically, the parties stipulated that trial counsel had investigated Petitioner's alibi defense and identified two potential alibi witnesses, June Bell and Jadean Whitmore, neither of whom were called as witnesses at trial. (ECF No. 75). Ms. Bell and Ms. Whitmore provided affidavits dated February and May of 2018, which are attached to Petitioner's petition, asserting that they were willing to testify at Petitioner's trial. According to the affidavits, Ms. Bell would have testified that she met Petitioner at Ms. Whitmore' residence on the night of the murder, and that she and Petitioner left Ms. Whitmore's residence and spent the night at a friend's apartment on Spring Garden Street. Ms. Whitmore would have testified that she saw Petitioner leave her residence with Ms. Bell, and that he did not return until 11:00 am the following day.

4. On August 27, 2021, Judge Hey issued a Report recommending that Petitioner be granted relief on his alibi claim, and that relief be denied as to all remaining claims. Judge Hey had initially determined that it was appropriate to hold an evidentiary hearing regarding the alibi claim. However, after the District Attorney's office conceded relief and submitted stipulations, Judge Hey agreed to accept the parties' stipulations in lieu of holding a hearing. (ECF No. 77, p. 20). When analyzing the merits of Petitioner's alibi claim, Judge

Hey noted "while acknowledging that [Ms. Bell and Ms. Whitmore's] testimony would not be unimpeachable, the parties maintain 'that their testimony would have been sufficiently credible such that it likely would have raised a reasonable doubt as to [Petitioner's] guilt." (ECF No. 77, p. 30) (quoting the parties' Stipulations ¶ 39). Accordingly, Judge Hey relied, at least partially, on the lawyers' assessment of the witnesses' credibility when she recommended granting relief on that claim, without a hearing.

5. Courts have an obligation to conduct an independent examination of the record "in all cases where the Federal Government or a State confesses that a conviction has been erroneously obtained." <u>Wharton v. Vaughn</u>, 01-cv-6049, 2022 WL 1488038, at *n. 2 (E.D. Pa. May 11, 2022) (quoting <u>Sibron v. New York</u>, 392 U.S. 40, 58 (1968)). This necessarily includes a judge's assessment of the witnesses' credibility. This principle is particularly important here, as the credibility of these witnesses is at the center of Petitioner's claim that his lawyer was ineffective for not presenting their testimony at trial.

6. For these reasons, I find that an evidentiary hearing should be held so that Judge Hey may fully assess the testimony of Ms. Bell and Ms. Whitmore before determining whether Petitioner is entitled to relief on his alibi claim.[1]

7. **WHEREFORE**, for the foregoing reasons, it is hereby **ORDERED** that:

   1. The Report and Recommendation (ECF No. 77) is **PRELIMINARILY NOT ADOPTED**.

---

[1] When Judge Hey originally scheduled the evidentiary hearing in this case, she indicated in her Order that she would take evidence on three of Petitioner's claims: his alibi claim, and two additional claims regarding decisions defense counsel and the Commonwealth made during trial regarding the identity of a man named Jimmy Whitney. In her Report, Judge Hey ultimately concluded that these additional claims were meritless. As I initially agree with Judge Hey's analysis of those additional claims, the evidentiary hearing I am ordering should be limited to evidence on the alibi claim only.

2.      This matter is **REMANDED** to Judge Hey for further proceedings, consistent with this Order regarding Petitioner's ineffectiveness claim for failure to call alibi witnesses. Upon completion of this hearing, Judge Hey shall submit an amended Report and Recommendation.

                      **BY THE COURT:**

                      */s/ Mitchell S. Goldberg*
                      **MITCHELL S. GOLDBERG, J.**